Janet Robertson Kaufman, Esq. (CSB No. 116143)
Email: jank@jklegalservices.com
JK LEGAL SERVICES
937 S. Coast Highway, Ste. C-202
Encinitas, CA 92024
Telephone: (858) 775-2140

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANA INNOVATIONS**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BORIS AZIZOV,** an individual, **BORIS AZIZOV** dba **A/V CONCEPTS, ALEX ROGOL,** an individual; **VICTORIA ERDNEEVA,** an individual, **DAVID SNIDER**, an individual, and **NEWAUDIOUNITED.COM,** an unknown entity.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, BREACH OF CONTRACT, INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; STATUTORY UNFAIR COMPETITION; UNJUST ENRICHMENT AND RESTITUTION** |

Plaintiff Dana Innovations ("Dana" or "Plaintiff") hereby complains of Defendants Boris Azizov, Boris Azizov dba A/V Concepts, Alex Rogol, Victoria Erdneeva Newaudiounited.com (hereinafter collectively referred to as "Defendants") and hereby alleges as follows:

1

## THE PARTIES

1. Dana is a corporation organized and existing under the laws of the State of California having its principal place of business at 212 Avenida Fabricante, San Clemente, California 92672. Dana is doing business within this judicial district.

2. Plaintiff is informed and believes, and thereupon alleges, that at all times pertinent hereto, Defendant Boris Azizov is an individual and an individual doing business as A/V Concepts at 15705 Spreckels Place, San Diego, CA 92127. Defendants Boris Azizov and Boris Azizov dba A/V Concepts agreed by written agreement to the jurisdiction of this court.

Plaintiff is informed and believes, and thereupon alleges, that at all times pertinent hereto, Defendant Victoria Erdneeva is an individual residing at 1445 Shore Parkway, Apt# 6F, Brooklyn, NY 11214, and conducting business in this judicial district, marketing and selling goods within this judicial district, and otherwise directing marketing, advertising, and business to this judicial district through the stream of commerce.

3. Plaintiff is informed and believes, and thereupon alleges, that at all times pertinent hereto, Defendant David Snider is an individual with an address of P.O. Box 459, Drums, Pennsylvania, and conducting business in this judicial district, marketing and selling goods within this judicial district, and otherwise directing marketing, advertising, and business to this judicial district through the stream of commerce.

4. Plaintiff is informed and believes, and based thereon alleges that Defendant newaudiounited.com is a website owned and operated by Defendants Victoria Erdneeva, Alex Rogol and David Snider and doing business within this judicial district by marketing and selling goods within this judicial district.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's claims for

2

Complaint

copyright infringement, as well as related claims, pursuant to 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement, as well as related claims, pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has supplemental jurisdiction over Plaintiff's claims arising under common law of California pursuant to 28 U.S.C. § 1367(a). These claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. The Court has personal jurisdiction over the Defendants because Defendants solicit from, transact business with residents of, and is otherwise doing business within the State of California, and have committed unlawful and tortious acts within and outside the State of California causing injury in California.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## FACTUAL BACKGROUND

### Facts Related to Trademark Infringement, Diversion and Related Claims

10. Since as early as 1982, Plaintiff has been and continues to be actively engaged in the manufacture and sale of high quality electronics products. Plaintiff is very strict in the retail marketing of its products and limits the worldwide distribution of its products to authorized accounts only. Each of Plaintiff's authorized retail accounts enters into a written agreement ("Dealer Agreement") that governs the business relationship, and specifies the location where the retailer may sell its products. The Dealer Agreement prohibits sales to anyone other than a retail or custom installation customer. Defendant Azizov entered into a Dealer Agreement with Plaintiff on behalf of his business A/V

Concepts on our about August 15, 2011. A true and correct copy of the A/V Concepts Dealer Agreement is attached hereto as Exhibit A.

11. Plaintiff is informed and believes, and thereupon alleges, that Defendants advertise and sell Sonance branded products throughout the United States and internationally, and within this judicial district via the website www.newaudiounited.com (collectively the "Defendant Website"). Plaintiff is informed and believes, and thereupon alleges, that Defendants make unauthorized purchases of Sonance products from Sonance dealers, and defendant A/V Concepts in particular, with the intention to resell such products on the website www.newaudiounited.com, which is not an authorized dealer of Sonance products.

12. Defendants knew of Dana's policies against the unauthorized diversion of its Sonance branded products to unauthorized sellers. Defendant Azizov was advised by way of the Dealer Agreement and the other defendants were specifically notified about Plaintiff's policies by way of cease and desist letters.

13. Plaintiff is informed and believes, and thereupon alleges, that Defendants have further been informed of Dana's policy against diversion of products by other authorized Sonance dealers.

14. Plaintiff is informed and believes, and thereupon alleges, Defendants, knowing of Dana's policy against diversion of products, determined nevertheless to acquire and sell Sonance branded products through the Defendant Website without authorization to do so. Plaintiff is informed and believes, and thereupon alleges, that in an effort to circumvent Sonance's policies against diversion, Defendants, by instructing their employees, representatives or agents, procured Sonance branded products through the grey market and by purchasing from authorized Dana dealers, including defendant A/V Concepts, knowing such accounts were in breach of their contractual obligations to Plaintiff.

15. Plaintiff has spent a considerable amount of time and money developing

Sonance branded products, and the associated marketing, goodwill, and business reputation with the public in creating a market for Sonance branded products. The Sonance brand has developed a substantial and valuable reputation in the trade and with the general consuming public for providing high-quality products. Aside from limited direct sales that Sonance makes to consumers, Plaintiff relies on its dealers to carry out the distribution and sales to their ultimate customers. Diversion of products from an authorized Sonance account for resale by Defendants undermines all of Plaintiff's marketing efforts and damages the goodwill and reputation of the Sonance brand with consumer and other authorized accounts.

16. Plaintiff requires that its authorized dealers be educated about the use of Sonance branded products and how they should be installed. Moreover, as set forth in greater detail above, all accounts and distributors agree to abide by Dana's policy against diversion, and to not sell products to any entity or person except a retail or custom installation customer. Preserving the geographic marketing channels and upholding the retailers' goodwill and high level of customer service regarding Sonance branded products is essential to Plaintiff's continued success in the marketplace.

17. A further integral aspect of Dana's marketing plan is that it provides extensive warranties for its Sonance branded products that are sold through authorized dealers that have received substantial product education. Dana does not extend its warranties to products that have not been sold at authorized dealers, as it cannot ensure that appropriate product education has occurred. Each Sonance product has a serial number that is subsequently associated with the end consumer that purchases it, and is what is used to determine whether a given product remains under warranty. If a product is purchased from unauthorized channels, then the warranty is void. Any consumer unwittingly purchasing from an unauthorized dealer will have no recourse if there are any

issues with the product.

18. Plaintiff is further informed and believes, and based thereon alleges that Defendants have been advertising Sonance branded products for sale on the Defendant website, have accepted orders from consumers and have failed to deliver the Sonance products to the consumers, all to the further detriment and damage to the Sonance brand.

19. As a direct and proximate result of Defendants' efforts to divert and resell Sonance branded products, Dana has suffered damage in an amount not yet identified, but which will be proven at trial.

## FIRST CAUSE OF ACTION

**Trademark Infringement under 15 U.S.C. § 1114**

**[Against Defendants Erdneeva, Rogol, Snider and Newaudiounited.com]**

20. Plaintiff refers to and realleges paragraphs 1 through 20 above as though fully set forth at this point.

21. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against all named Defendants.

22. Jurisdiction is founded upon 15 U.S.C. § 1121.

23. Dana is the owner of U.S. Registered Trademark No. 1,734,579, which confers on Dana the exclusive right to use this trademark in commerce. A true and correct copy of U.S. Registered Trademark No. 1,734,579 is attached hereto as Exhibit B.

24. Dana is the owner of U.S. Registered Trademark No. 2,384,098, which confers on Dana the exclusive right to use this trademark in commerce. A true and correct copy of U.S. Registered Trademark No. 2,384,098 is attached hereto as Exhibit C.

25. Dana is the owner of U.S. Registered Trademark No. 3,314,841, which confers on Dana the exclusive right to use this trademark in commerce. A true

and correct copy of U.S. Registered Trademark No. 3,314,841 is attached hereto as Exhibit D.

26. The trademark registrations referred to above are in full force and effect. The trademarks and the goodwill of the business of Dana in connection with which the trademarks have been used have never been abandoned. Dana continues to preserve and maintain its rights with respect to these trademark registrations.

27. The trademarks above are inherently distinctive in appearance and have become, through widespread public acceptance, a distinctive designation of the source of origin of goods offered by Dana under the Sonance brand name and have acquired secondary meaning in the marketplace, and constitute an asset of incalculable value as a symbol of the Sonance brand and its quality goods and goodwill.

28. These marks have been in use in commerce in connection with the sale of Sonance branded products continuously since at least as early as their respective claimed dates of first use. The marks appear clearly on packaging, advertisements, product brochures, point of purchase materials, and on products.

29. Further, Dana is informed and believes, and thereupon alleges, that Defendants have used Dana's trademarks above on its websites and other advertising, creating the impression that there is an affiliation or association between the Sonance brand and Defendants, when in fact there is none.

30. Dana is informed and believes, and thereupon alleges, that Defendants are using the Sonance trademark in the keywords or metatags for the Defendant Website. By unlawfully using the Sonance trademark in the keyword metatags, Defendants are creating initial interest confusion.

31. Dana is informed and believes, and thereupon alleges, that Defendants' use of Dana's registered trademarks in commerce constitutes trademark infringement, false designation of origin, a false description or representation of

goods, and wrongfully and falsely represents to the consuming public that the Defendant's products bearing the Sonance trademark are authorized by Dana.

32. Dana is informed and believes, and thereupon alleges, that Defendants' unauthorized use of Dana's registered trademarks is likely to cause confusion in the marketplace as to the source of origin of Defendants' products.

33. Dana is informed and believes, and thereupon alleges, that Defendants willfully infringed upon Dana's exclusive rights under its Sonance trademarks with the intent to trade upon the goodwill of the Sonance brand. Defendants received constructive notice of Dana's trademarks as Dana caused a trademark notice to be placed plainly on the product and/or packaging. Despite such knowledge, Defendants infringed Dana's trademark rights. On information and belief, such infringements by Defendants have been willful and wanton.

34. Dana is informed and believes, and thereupon alleges, that Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

35. Dana is informed and believes, and thereupon alleges, that Defendants will continue to infringe Dana's registered trademarks to the great and irreparable injury of Dana, for which Dana has no adequate remedy at law unless Defendants are enjoined by this court.

36. Dana has been damaged as a result of the Defendants' infringement of its trademarks. Dana is informed and believes, and thereupon alleges, that the sale of Defendants' products has resulted in lost sales, has reduced the business and profit of Dana, and has greatly injured the general reputation of the Sonance brand, all to Dana's damage in an amount not yet fully determined.

## SECOND CAUSE OF ACTION
### Trademark Infringement – Passing Off
**[Against Defendants Erdneeva, Rogol, Snider and Newaudiounited.com]**

Complaint

37. Plaintiff refers to and realleges paragraphs 1 through 38 above as though fully set forth at this point.

38. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1125 against all named Defendants.

39. Jurisdiction is founded upon 15 U.S.C. § 1121.

40. Dana is the owner of U.S. Registered Trademark No. 1,734,579, which confers on Dana the exclusive right to use this trademark in commerce. A true and correct copy of U.S. Registered Trademark No. 1,734,579 is attached hereto as Exhibit B.

41. Dana is the owner of U.S. Registered Trademark No. 2,384,098, which confers on Dana the exclusive right to use this trademark in commerce. A true and correct copy of U.S. Registered Trademark No. 2,384,098 is attached hereto as Exhibit C.

42. Dana is the owner of U.S. Registered Trademark No. 3,314,841, which confers on Dana the exclusive right to use this trademark in commerce. A true and correct copy of U.S. Registered Trademark No. 3,314,841 is attached hereto as Exhibit D.

43. The trademark registrations referred to above are in full force and effect. The trademarks and the goodwill of the business of Dana in connection with which the trademarks have been used have never been abandoned. Dana continues to preserve and maintain its rights with respect to said trademark registrations.

44. The trademarks above are inherently distinctive in appearance and have become, through widespread public acceptance, a distinctive designation of the source of origin of the Sonance branded products and have acquired secondary meaning in the marketplace and constitute an asset of incalculable value as a symbol of the Sonance brand and its quality goods and goodwill.

45. These marks have been in use in commerce in connection with the sale of Sonance branded products continuously since at least as early as their respective date of issue. The marks appear clearly on packaging, advertisements, product brochures, point of purchase materials, and on products.

46. Defendants, through their agents, employees, and servants, have offered for sale and sold altered Sonance products bearing Sonance's registered marks in a manner that passes off these products as genuine, authorized Sonance products when in fact they are not. The warranty that would otherwise accompany genuine Sonance products is void for being sold at an unauthorized location. Sonance dealers and authorized installers are educated on how to best use and install Sonance products, and sales by Defendants do not include the same education, which harms the end consumer. Accordingly, Defendant's unauthorized use of Sonance's marks constitutes passing off of genuine product and trademark infringement under the Lanham Act.

47. Further, Dana is informed and believes, and thereupon alleges, that Defendants have used the Sonance trademarks above on the Defendant Website, creating the impression that there is an affiliation or association between the Sonance brand and Defendants, when in fact there is none.

48. Dana is informed and believes, and thereupon alleges, that Defendants are using the Sonance trademarks in the keywords for their website. By unlawfully using Sonance trademarks in the keyword metatags, Defendants are creating initial interest confusion.

49. Dana is informed and believes, and thereupon alleges, that Defendants' use of the Sonance registered trademarks in commerce constitutes trademark infringement, false designation of origin, a false description or representation of goods and wrongfully and falsely represents to the consuming public that the Defendant's products bearing the Sonance trademarks are authorized by Dana.

50. Dana is informed and believes, and thereupon alleges, that Defendants have used the Sonance trademarks without authority, which is likely to cause confusion in the marketplace as to the source of origin of Defendants' products.

51. Dana is informed and believes, and thereupon alleges, that Defendants willfully infringed upon Dana's exclusive trademark rights with the intent to trade upon the goodwill of the Sonance brand. On information and belief, such infringements by Defendants have been willful and wanton.

52. Dana is informed and believes, and thereupon alleges, that Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

53. Dana is informed and believes, and thereupon alleges, that Defendants will continue to infringe Dana's registered trademarks to the great and irreparable injury of Dana, for which Dana has no adequate remedy at law unless Defendants are enjoined by this court.

54. Dana has been damaged as a result of the Defendants' infringement of its trademarks. Dana is informed and believes, and thereupon alleges, that the sale of Defendants' products has resulted in lost sales to Dana, has reduced the business and profit of Dana, and has greatly injured the general reputation of the Sonance brand, all to damage Dana in an amount not yet fully determined.

## THIRD CAUSE OF ACTION

**False Designation of Origin and Unfair Competition Under Lanham Act**

**[Against Defendants Erdneeva, Rogol, Snider and Newaudiounited.com]**

55. Plaintiff refers to and realleges paragraphs 1 through 38 above as though fully set forth at this point.

56. This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against all named Defendants, pursuant to 15 U.S.C. § 1125(a).

57. Jurisdiction is founded upon 15 U.S.C. § 1121.

58. Dana is informed and believes, and thereupon alleges, that Defendants' use of the Sonance brand constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the products sold on the Defendant Websites originated from or somehow are authorized by or affiliated with the Sonance brand. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with Dana.

59. Dana is informed and believes, and thereupon alleges, that these acts of Defendants were done willfully, knowingly and maliciously with the intent to trade upon the goodwill of the Sonance brand and to injure Dana.

60. The Defendants' acts are in violation of 15 U.S.C. § 1125(b), and will continue to the great and irreparable injury of Dana, unless enjoined by this Court.

## FOURTH CAUSE OF ACTION

### Breach of Contract

**(Against Defendants Boris Azizov, individually and dba A/V Concepts)**

61. Plaintiff refers to and realleges paragraphs 1 through 20 above as though fully set forth at this point.

62. Defendant Azizov entered into a Dealer Agreement with Plaintiff on behalf of A/V Concepts (Exhibit A).

63. Pursuant to paragraph D of the Dealer Agreement, Defendant Azizov individually and dba A/V Concepts agreed to not sell Sonance products "directly or indirectly to any person other than a retail or custom installation customer or to another duly authorized Dana dealer."

64. Defendant Azizov individually and dba A/V Concepts breached the Dealer Agreement by selling products to the other defendants for sale on the Defendant Websites.

65. As a direct and proximate result of Defendants' breach of the Dealer Agreement, Dana has been damaged in an amount to be determined according to proof at trial, but in an amount not less than $25,000.00.

66. The Dealer Agreement further provides for an award of attorneys' fees to the prevailing party in any action for breach of the Dealer Agreement. Accordingly, Plaintiff seeks recovery of its reasonable attorneys' fees incurred in connection with this proceeding, in an amount to be determined according to proof at trial.

## FIFTH CAUSE OF ACTION

### Breach of Contract

### [Against Defendant Rogol)

67. Plaintiff refers to and realleges paragraphs 1 through 24 above as though fully set forth at this point.

68. In 2012, Dana initiated a lawsuit in the United States District Court for the Southern District of California, against Alex Rogol and others in connection with the unauthorized sale of Sonance branded products on the following websites: www.extremeliquidator.com, www.hifidelitystore.com, and www.bestofaudio.com.

69. The lawsuit was resolved by way of a written settlement agreement, a copy of which is attached hereto and incorporated herein by reference as Exhibit E, and which was executed by Defendant Rogol ("Settlement Agreement").

70. Pursuant to paragraph 3.1 of the Settlement Agreement, Rogol and the other defendants agreed not to sell or offer to sell Sonance branded products on the subject websites, or any other website.

71. Plaintiff is informed and believes, and based thereon alleges that Defendant Rogol has breached the Settlement Agreement by fulfilling orders for Sonance products that were placed on the Defendant website.

72. Pursuant to paragraph 4 of the Settlement Agreement, Rogol agreed to liquidated damages in the amount of $25,000.00 for a breach of the Settlement Agreement.

## SIXTH CAUSE OF ACTION

### Intentional Interference with Contractual Relations

### [Against Defendants Erdneeva, Rogol, Snider and Newaudiounited.com]

73. Plaintiff refers to and realleges paragraphs 1 through 20 above as though fully set forth at this point.

74. Defendants Erdneeva, Rogol, Snider and the Defendant Website had actual knowledge of Dana's contracts with its dealers that prohibited the sale of Sonance branded products to unauthorized resellers.

75. Defendants intentionally interfered with Dana's contracts with Azizov and A/V Concepts and other authorized dealers or distributors by inducing the dealers or distributors to sell Sonance branded products to Defendants, who were not authorized resellers or end consumers.

76. The sale of the Sonance branded products by the Azizov and A/V Concepts or other Sonance dealers or distributors constituted a breach of the contract between Dana and the dealer or distributor.

77. As a direct and proximate result of Defendants intentional interference with Dana's contract with its dealers or distributors, Sonance products have been offered for sale and sold by unauthorized sellers, damaging the goodwill and reputation of the Sonance brand because the Sonance end consumers do not receive a warranty on their product, do not receive proper education and service pertaining to the product, and in some cases, do not receive the products at all.

78. The acts of Defendants Erdneeva, Rogol, Snider and the Defendant Website are willful and engaged in with a conscious disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount sufficient to punish and set an example of Defendants.

## SEVENTH CAUSE OF ACTION

**Statutory Unfair Competition (Cal. B&P § 17200)**

**[Against Defendants Erdneeva, Rogol, Snider and Newaudiounited.com]**

79. Plaintiff refers to and realleges paragraphs 1 through 20 above as though fully set forth at this point.

80. Jurisdiction is founded upon 28 U.S.C. § 1367.

81. Defendants Erdneeva, Rogol, Snider and the Defendant Website are currently selling Sonance products without authority for doing so, as more fully described above. Plaintiff is informed and believes, and thereupon alleges, that Defendants and their agents have obtained possession of Sonance branded products by misrepresentation, deceit or conspiracy from an authorized Sonance account. Further, Plaintiff is informed and believes, and thereupon alleges, that Defendants are selling unauthorized Sonance products in a manner that constitutes trademark infringement.

82. As set forth more fully above, Defendants were aware that no entity, other than Plaintiff, has any authority from Dana to sell Sonance products to them and has no affiliation with them.

83. As a direct and proximate result of Defendants' unauthorized sale of Sonance products without the requisite service, product education, and warranty, the general public has been and will likely continue to purchase Sonance products from Defendants without first obtaining adequate knowledge concerning the products and their use. Further, consumers purchasing Sonance products from Defendants will not receive adequate service concerning any repairs and warranties because Dana will not honor the warranty on products

sold by unauthorized retailers, such as Defendants, thereby further damaging the public's protection when purchasing Sonance products. Defendants do not have warranty parts to repair Sonance products, and do not have excess inventory of Sonance products to replace any damaged products, without otherwise diverting more Sonance product. Defendants' actions have and will cause irreparable damage to the business reputation and goodwill of the Sonance brand with the general public, as well as injury and diluted service to consumers.

84. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have offered a multitude of Sonance branded products for sale on the Defendant Website, but have failed to deliver products after accepting orders from consumers. Because consumers mistakenly believe that Defendants are authorized dealers of Sonance branded products, the Defendants' sales practices of offering products for sale and not delivering to customers is damaging the goodwill and reputation of the Sonance brand.

85. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have tampered with, altered and/or removed bar codes and serial numbers on Sonance branded products being offered for sale on the Defendant Websites, in violation of California Penal Code §537e, and which negates the warranty for the Sonance branded products, thereby damaging consumers of Sonance branded products and the reputation and goodwill of the Sonance brand.

86. Plaintiff has no adequate remedy at law available due to the fact that the number of persons who have been, or who are presently being, hurt by Defendants' improper conduct as alleged in this complaint, cannot be fully ascertained. Therefore, it is and will continue to be practically impossible to ascertain the compensation necessary to accurately compensate Plaintiff for the damages it has suffered and will continue to suffer to its general business reputation and to its goodwill with the general public. Plaintiff requests

adequate restitution for the actions taken by Defendants to undermine Dana's marketing channels and injure the goodwill and reputation of the Sonance brand.

87. Unless or until this Court grants an injunction prohibiting Defendants from purchasing Sonance branded products in contravention of Dana's policy against diversion, Plaintiff may be forced to prosecute a multiplicity of actions against Defendants for each time Defendants make unauthorized purchases of Sonance branded products and sells them to members of the public.

## EIGHTH CAUSE OF ACTION
## Unjust Enrichment/Restitution
**[Against Defendants Erdneeva, Rogol, Snider and Newaudiounited.com]**

88. Plaintiff refers to and realleges paragraphs 1 through 20 above as though fully set forth at this point.

89. Jurisdiction is founded upon 28 U.S.C. § 1367.

90. Defendants unjustly received benefits at the expense of Dana through its wrongful conduct, including Defendants' trademark infringement, interference with contractual relations, and unfair competition. Defendants continue to unjustly retain these benefits, to the expense of Dana. It would be unjust for Defendants to retain any value it obtained as a result of its wrongful conduct.

91. Dana is entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Dana's expense.

**WHEREFORE**, Plaintiff prays for a judgment as follows:

1. That U.S. Trademark Registration Nos. 1,734,579, 2,384,098, 3,314,841 and 3,314,771 are owned by Plaintiff Dana and are valid and enforceable;

2. That Defendants be jointly and severally adjudicated to have infringed Dana's U.S. Trademark Registration Nos. 1,734,579, 2,384,098, 3,314,841 and 3,314,771;

3. That Defendants and their respective agents, servants, employees, and attorneys and all persons in active concert and participation with them, be

enjoined and restrained, during the pendency of this action and permanently thereafter from:

    a. Using Dana's U.S. Trademark Registration Nos. 1,734,579, 2,384,098, 3,314,841 and 3,314,771, or any mark similar thereto in connection with the sale of any goods, without authorization from Dana;

    b. Committing any acts which may cause purchasers to believe that the Defendants or the products Defendants sell are authorized by or are in any way associated with Plaintiff;

    c. Selling, passing off, or inducing or enabling others to sell or pass off any products as products produced by Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff; and

    d. Infringing Dana's trademark rights;

4. For damages for trademark infringement against Defendants, pursuant to 15 U.S.C. § 1117;

5. For damages against Defendant Azizov and Azizov dba A/V Concepts, arising from their breach of the Dealer Agreement in an amount according to proof at trial;

6. For damages against Defendant Rogol arising from his breach of the Settlement Agreement in an amount equal to at least $25,000.00;

7. General damages against Defendants arising from their intentional interference with Dana's contractual relations, according to proof at trial;

8. Consequential and incidental damages against Defendants, for the injury to the goodwill and reputation of the Sonance brand in the amount according to proof at trial;

9. An order permanently enjoining Defendants from interfering with Plaintiff's contractual relations by purchasing or acquiring any Sonance

branded product that they know or believe was obtained from an authorized account or distributor, unless or until authorized by Plaintiff to do so;

10. That Defendants and their respective agents, servants, employees, and all persons in active concert and participation with them, be enjoined and restrained, during the pendency of this action and permanently thereafter from removing, altering, obliterating, or destroying barcode labels and/or serial numbers on products sold by them;

11. That Defendants be directed to file with this Court and serve on Plaintiff a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

12. That Defendants be required to account for and pay to Plaintiff any and all profits wrongly derived by them;

13. That an award of reasonable costs, expenses, and attorney's fees be awarded against Defendants, pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1116(a) and California Civil Code §1717;

14. Punitive damages in an amount sufficient to punish and set an example of Defendants; and

15. For further relief as the Court may deem just and proper.

DATED: 4/30/14　　　　　　　　JK LEGAL SERVICES

_____
JANET ROBERTSON KAUFMAN
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

DATED: 4/30/14　　　　　　　　JK LEGAL SERVICES

_____
JANET ROBERTSON KAUFMAN
Attorney for Plaintiff